UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In re

DENNIS GERARD ETZEL,

                    Debtor.

_____

AMERICAN STANDARD INSURANCE CO.,

                    Plaintiff,

v.

DENNIS GERARD ETZEL,

                    Defendant.

Case No. 05-24211

Chapter 7

Adversary No. 05-2337

_____

MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
_____

The plaintiff, American Standard Insurance Company, filed an adversary proceeding under 11 U.S.C. § 523(a)(6) seeking a determination that the debt owed it by the debtor is excepted from his discharge. Presently before the court is the plaintiff's motion for summary judgment.

This court has jurisdiction under 28 U.S.C. § 1334 and this is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This decision constitutes the court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052. For the reasons stated below, the plaintiff's motion is granted, and the debt is excepted from discharge under 11 U.S.C. § 523(a)(7).

## BACKGROUND

The material facts necessary for the court's determination are undisputed, although the defendant's actual culpability that led to the obligation is not conceded. The plaintiff is a creditor

of the debtor as a result of payments made to its insured for damages caused to its insured by the debtor's admitted conversion of the insured's property. According to the criminal charges, the debtor and Michael Schultz obtained a 1995 Harley Davidson motorcycle belonging to the plaintiff's insured, Alfred Michel. As a result of that loss, the plaintiff paid $16,919 to its insured and Mr. Michel suffered an additional loss of $250, the deductible portion of his insurance claim.

The debtor admits that he had a disassembled motorcycle in his possession at the time the police executed a search warrant of a garage on June 19, 1996. The debtor pled guilty to concealing stolen property, Wis. Stat. § 943.34(1)(c), in Ozaukee County Circuit Court on December 10, 1996, and signed a judgment of restitution in the amount of $12,836.55 on October 20, 1999.[1] The party to be paid, according to the judgment for restitution in Case No. 96-CF-178, was the plaintiff. The same judgment also provided for three years probation. A civil judgment was later entered by default against the debtor and Michael Schultz in a Waukesha County civil case, Case No. 01-CV-260, in the amount of $13,156.51, presumably because the debtor was no longer under supervision for the criminal offense (the reason is not in the record). The balance owed by the debtor, including interest on the judgment, as of the date of the bankruptcy petition was $10,800.16.

The debtor disputes that he acted maliciously. He asserts he purchased the motorcycle from Michael Schultz, whom he believed was the owner of the motorcycle at the time of the purchase. In consideration of the purchase, the debtor conveyed a customized pickup truck and

---

[1] Subsequent to the criminal charges and prior to the civil judgment, the plaintiff recovered salvage and the debtor paid restitution through the Department of Corrections leaving a balance of $12,864.84.

cash. According to the debtor, he pled guilty in the criminal case because he is a single parent and feared that he would lose his children if incarcerated.

ARGUMENTS

The plaintiff argues the signed judgment for restitution is nondischargeable under 11 U.S.C. § 523(a)(7) and *Kelly v. Robinson*, 479 U.S. 36 (1986).

While the debtor admits all matters that are public record, he denies the inferences that the plaintiff wants the court to draw therefrom. The undisputed facts fail to establish that the obligation resulted from willful and malicious injury by the debtor. Additionally, restitution to a non-government victim, such as the plaintiff, is dischargeable under 11 U.S.C. § 523(a)(7).

DISCUSSION

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Fed. R. Bankr. P. 7056. The court will construe all facts and inferences in the light most favorable to the nonmoving party, the debtor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

*Applicability of Section 523(a)(7) of the Bankruptcy Code*

Section 523(a)(7) excepts from discharge debts to the extent that "such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7). In *Kelly v. Robinson*, 479 U.S. 36, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986), the Supreme Court held that, while section 523(a)(7) contains three criteria, each of which a creditor must establish to prevail (the debt must be a

3

"fine, penalty, or forfeiture... payable to and for the benefit of a governmental unit" and not be "compensation for actual pecuniary loss"), restitution remained in the class of penalties excepted from discharge. The basis of the decision in *Kelly* was the Court's view that bankruptcy courts should not invalidate the result of state criminal proceedings. 479 U.S. at 47. It emphasized the fact that Congress, in adopting the 1978 Bankruptcy Code, had failed to explicitly reverse the longstanding judicial exception to the discharge of state criminal restitution orders, thereby continuing the exception. 479 U.S. at 46-48. The Supreme Court reached this conclusion even though the restitution in *Kelly* appeared to be calibrated by using the amount of the debtor's wrongful receipt of welfare benefits. The $10,000 restitution obligation closely approximated the nearly $9,932.95 the debtor-defendant had obtained by fraud, and the lower courts had ruled the restitution compensatory. Even though the exception to discharge excludes compensatory restitution, and in that case the state was the monetary victim, Justice Powell stressed the penal and rehabilitative interests of the State in requiring restitution, not compensation for loss. 479 U.S. at 53.

In order for the restitution to be excepted from discharge, it must be "not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7). In this case, the amount of restitution ordered is clearly compensatory in nature, but that appears to be acceptable under the Supreme Court's reasoning in *Kelly*, as discussed above. The other qualifying element in section 523(a)(7) is that the fine must be "payable to and for the benefit of a governmental unit." 11 U.S.C. § 523(a)(7). The restitution in this case was ordered to be paid directly to the victim, a non-governmental unit.

The specific issue facing the Seventh Circuit in *Matter of Towers*, 162 F.3d 952 (7th Cir. 1998), was "who gets the money?" The Seventh Circuit held that a civil restitution order won by

the Attorney General of Illinois on behalf of and payable to fraud victims under the Illinois Consumer Fraud and Deceptive Business Practices Act was discharged in a chapter 7 bankruptcy proceeding notwithstanding section 523(a)(7). No timely adversary proceeding had been brought in the debtor's bankruptcy case under 11 U.S.C. § 523(a)(2). The Seventh Circuit took a plain meaning view of the language of section 523(a)(7) and found the restitution order imposed on the debtor in the state *civil* action was dischargeable because it required payment to the Attorney General, who then had to direct the money to specific victims, rather than putting it in the state treasury. Noting that while restitution is the equivalent of a "fine, penalty or forfeiture," the restitution must still be "payable to *and for the benefit of* a governmental unit." *Id*. at 956 (emphasis in original). Because the restitution was payable to, but not for the benefit of, the governmental unit, is was not excepted from discharge under section 523(a)(7). *Id*. at 956.

      Several courts have rejected the strict "payable" analysis in finding state criminal restitution orders to be non-dischargeable either because states derive some deterrent "benefit" from the enforcement of their restitution orders, or on the grounds of preserving state sovereignty, or because of both. *See, e.g., In re Warfel*, 268 B.R. 205, 212 (B.A.P. 9th Cir. 2001) (state criminal judgments involving restitution should enjoy a higher level of deference from federal courts because to discharge these restitution orders would be "abhorrent to the standards of federalism"); *In re Mills*, 290 B.R. 822 (Bankr. D. Colo. 2003) (state criminal restitution orders are nondischargeable even when owed directly to private entity; payments specifically imposed by the court to further a state's interest in deterrence and rehabilitation are, in effect, "payable to and for the benefit" of state); *In re Byrd*, 256 B.R. 246, 255-56 (Bankr. E.D.N.C. 2000) (criminal restitution nondischargeable as states have the right to use restitution as a

5

deterrent and to incorporate restitution into sentencing options).  Thus, even though a judgment of restitution orders payment to a particular entity that was harmed by the criminal defendant's acts, the state is still a beneficiary of the order.

Other circuits have recently struggled with this exact issue.  In *In re Thompson*, 418 F.3d 362 (3ᵈ Cir. 2005), the Third Circuit addressed whether the debt was "payable to and for the benefit of a governmental unit."  In *Thompson* the victim/restitution recipient was an individual.  The *Thompson* court held that, under *Kelly*, this distinction does not matter.  *Kelly* created a broad exception for all penal sanctions and went out of its way to discuss this qualifying clause and to stress that it posed no serious threat to the nondischargeability of criminal restitution orders imposed by a state.  *Id*. at 368.

Giving great weight to the Supreme Court's dicta, the Third Circuit noted that nowhere in its discussion of the victim's role in restitution orders did the *Kelly* Court suggest that the "payable to and for the benefit of a governmental unit" language was actually limited to government victims.  *Id*. at 366.  Given the many opportunities that the Supreme Court has passed up to limit its holding to government victims, the Third Circuit read *Kelly* to strongly suggest that section 523(a)(7) excepts from discharge all state criminal restitution orders, regardless of whether the payments are made to governmental units or to individuals.  *Id*.  In so holding, the Third Circuit disagreed with the Seventh Circuit's decision in *Towers*.  *Id*. at 366-67.

*Towers* is distinguishable from this case and from *Thompson*, and there was really no need for the Third Circuit to disagree.  The Attorney General of Illinois sued on behalf of fraud victims and obtained a *civil* restitution order.  There were no *criminal* proceedings, at least that we know of.  The policies and interpretations of 11 U.S.C. § 523(a)(7) and *Kelly* do not apply

6

when a state acts on behalf of the private interests of its citizens, and the judgment benefits only those particular citizens. The victims could have sued Towers as individuals, but the purpose of the consumer law that gave rise to the restitution judgment was to protect individuals who either did not have the wherewithal to sue individually or whose damages were so small that only collective action made economic sense. *See Towers*, 162 F.3d at 955. Criminal actions can only be brought by the governmental entity, not individuals, and restitution orders are for deterrence and punishment. The fact that victims are made whole is a subsidiary benefit.

In this case the original judgment in the criminal case was followed by a civil judgment, but the result is the same. The obligation arose under the criminal case, and taking a civil judgment does not change the substance of the original obligation. *See Archer v. Warner*, 538 U.S. 314, 123 S.Ct. 1462, 155 L.Ed.2d 454 (2003) (settlement agreement for fraud claims did not create new dischargeable debt).

*Applicability of Issue Preclusion*

Although the plaintiff did not argue the applicability of issue preclusion in support of its motion for summary judgment, the defendant did discuss whether or not the underlying criminal proceedings satisfied the elements of 11 U.S.C. § 523(a)(6).

Collateral estoppel principles apply in bankruptcy proceedings. *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (applying collateral estoppel to nondischargeability proceeding). Issue preclusion, formerly referred to as collateral estoppel, "refers to the effect of a judgment in foreclosing relitigation in a subsequent action of an issue of law or fact that has been actually litigated and decided in a prior action." *Northern States Power Co. v. Bugher*, 189 Wis.2d 541, 550, 525 N.W.2d 723 (1995). In Wisconsin, guilty pleas do not

7

fulfill the "actually litigated" requirement for issue preclusion. *Mrozek v. Intra Financial Corp.*, 281 Wis.2d 448, 468, 699 N.W.2d 54, 63 (2005). Also, the civil judgment following the criminal restitution judgment was taken by default, and issue preclusion would not apply to matters that are not necessary to the result, i.e., a determination of liability. Consequently, the court need not determine whether the elements of Wis. Stat. § 943.34(1)(c) satisfy the elements of any subsection of 11 U.S.C. § 523(a)(6) for purposes of issue preclusion; the doctrine simply does not apply in this case.

Nevertheless, since the court has determined as a matter of law that the debt is excepted from discharge under 11 U.S.C. § 523(a)(7), it is not necessary to set the matter for trial under 11 U.S.C. § 523(a)(6).

## CONCLUSION

The plaintiff's motion for summary judgment is granted, and the defendant's debt to plaintiff, as it is now quantified under state law, is excepted from discharge. A separate order for judgment will be entered consistent with this decision.

December 23, 2005

Margaret Dee. McGarity
U.S. Bankruptcy Judge

8